**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| AMERICAN DAWN, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES; U.S. CUSTOMS AND<br>BORDER PROTECTION; *et al.*,<br><br>    Defendants. | Court No. 26-03148 |

**PLAINTIFF'S CONSENT MOTION TO STAY PROCEEDINGS PENDING APPEAL**

Plaintiff American Dawn, Inc. ("American Dawn"), with the consent of Defendants, respectfully moves, pursuant to Rule 7 of the Rules of the United States Court of International Trade and the Court's inherent authority to control its own docket, for an order staying all proceedings in this action pending the final disposition of the appeal in *State of Oregon v. Trump*, Nos. 2026-1804 & 2026-1805 (Fed. Cir.) (the "Oregon Appeal"), on the terms set forth below. In support, American Dawn states as follows:

1. This action challenges the temporary 10 percent *ad valorem* import surcharge imposed under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, by Presidential Proclamation No. 11012 (the "Section 122 Surcharge"), and seeks a declaration that the Section 122 Surcharge is unlawful, an injunction against its continued assessment and collection against American Dawn, and a refund, with interest, of the Section 122 duties American Dawn has paid.

2.   The validity of the Section 122 Surcharge is squarely presented in the pending Oregon Appeal. On May 7, 2026, a three-judge panel of this Court held Proclamation No. 11012 invalid and the Section 122 duties imposed on the plaintiffs unauthorized by law. *State of Oregon v. United States & Burlap and Barrel, Inc. v. United States*, Slip Op. 26-47, Court Nos. 26-01472 & 26-01606 (Ct. Int'l Trade May 7, 2026). The United States appealed, and on June 11, 2026, the United States Court of Appeals for the Federal Circuit stayed the judgment pending appeal. The Oregon Appeal will resolve the same controlling question presented here: whether Proclamation No. 11012 lawfully imposed the Section 122 Surcharge under 19 U.S.C. § 2132.

3.   The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). A stay is particularly appropriate where the resolution of a separate, pending proceeding will settle or substantially simplify the controlling legal questions before the court and thereby avoid duplicative and potentially wasteful litigation.

4.   A stay is warranted here. The Oregon Appeal will decide the identical, dispositive legal question on which this action turns, and the Federal Circuit's decision will be controlling authority in this action. Staying this action pending that decision will conserve the resources of the Court and the parties, avoid the risk of inconsistent adjudication, and streamline any proceedings that remain following the appeal. No party will be prejudiced by the requested stay: Defendants consent to it, and American Dawn's interests are protected by the preservation terms set forth in Paragraph 5, which secure American

Dawn's ability to pursue a refund of the Section 122 duties it has paid, with interest, should the Section 122 Surcharge ultimately be held unlawful.

5.    The parties propose that the following terms govern during the stay:

    a.    American Dawn shall continue to pay the Section 122 duties assessed on its entries during the pendency of the stay.

    b.    The stay shall be without prejudice to, and shall not waive, prejudice, or render untimely, American Dawn's claims for refund of the Section 122 duties it has paid, together with interest as provided by law. *See* 19 U.S.C. § 1505(c); 28 U.S.C. § 2643.

    c.    Within fourteen (14) days after issuance of the mandate in the Oregon Appeal, including the conclusion of any proceedings on remand or any review by the Supreme Court, the parties shall file a joint status report proposing further proceedings consistent with the final decision.

6.    Undersigned counsel has conferred with counsel for Defendants, **Justin R. Miller,** Attorney-In-Charge – International Trade Field Office and **Claudia Burke**, Deputy Director of Commercial Litigation Branch, Civil Division on July 6, 2026.  Counsel for the United States advised that Defendants consent to the relief requested in this motion and to the terms set forth in Paragraph 5.

7.    A proposed order is submitted herewith.

**WHEREFORE**, American Dawn respectfully requests that the Court grant this motion, stay all proceedings in this action pending the final disposition of the Oregon Appeal, and order the preservation terms set forth in Paragraph 5.

Dated: July 9, 2026

Respectfully submitted,

**SCHONBUCH HALLISSY LLP**

By: /s/ Catherine Sommer
Catherine Sommer
Schonbuch Hallissy LLP
11999 San Vicente Blvd., Suite 300
Los Angeles, California 90049
(310) 789-4223
sommer@schonbuchhallissy.com
Attorneys for Plaintiff American Dawn, Inc.

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 9, 2026, I caused the foregoing Plaintiff's Consent Motion to Stay Proceedings Pending Appeal and the accompanying [Proposed] Order to be filed with the Clerk of the Court using the CM/ECF system; and served counsel for Defendants the foregoing Plaintiff's Consent Motion to Stay Proceedings Pending Appeal and the accompanying [Proposed] Order, via email to justin.r.miller@usdoj.gov and claudia.burke@usdoj.gov.


/s/ Catherine Sommer
Catherine Sommer